**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| APPJIGGER GMBH | ) | |
|        Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| BLU PRODUCTS, INC., | ) | |
| CT MIAMI LLC, and | ) | |
| SAMUEL OHEV-ZION | ) | JURY TRIAL DEMANDED |
|        Defendants. | ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT
AND UNFAIR COMPETITION**

For its Complaint against Defendants BLU Products, Inc. (" BLU Products") Inc., CT Miami LLC ("CT Miami") and Samuel Ohev-Zion ("Ohev-Zion") ("Collectively, Defendants"), Plaintiff Appjigger GmbH ("Appjigger") states as follows:

1.     This is a civil action for copyright infringement and unfair competition under federal, state and common law. Appjigger brings this action because Defendants have made and sold unauthorized copies of Appjigger's copyrighted application for smart phones and has prominently displayed unauthorized screenshots of plaintiff's application on advertisements for its own products in violation of Appjigger's rights. Appjigger seeks to enjoin Defendants' acts, to recover damages and Defendants' profits, and to secure other relief, including attorneys' fees and costs.

**THE PARTIES**

2.     Plaintiff, Appjigger GmbH is a limited liability company organized under the laws of Germany and having a principal place of business at Kaiserstraße 61, 60329 Frankfurt am Main, Germany.

3.     Upon information and belief, Defendant, BLU Products, Inc., is a Florida corporation having a principal place of business at 10814 NW 33rd Street, Building 100, Miami, Florida 33172.

4.     Upon information and belief, Defendant, CT Miami LLC is a Florida limited liability company having a principal place of business at 10814 NW 33rd Street, Building 100, Miami, Florida 33172

5.     Upon information and belief, Defendant CT Miami LLC is owned and operated by the same individuals associated with Defendant, BLU Products Inc.

6.     Upon information and belief, Samuel Ohev-Zion is a resident of Florida, residing at 555 Ocean Blvd., Golden Beach, Florida, is the President and CEO of BLU Products LLC, as well as President & CEO at CT-MIAMI.

7.     Upon information and belief, Ohev-Zion directs and has directed substantially all of the activities of BLU Products and CT Miami complained of herein.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over Appjigger's claims for copyright infringement and unfair competition and related claims pursuant to 17 USC §501, 15 USC §1121, and 28 USC §§1331 and 1338(a)

9.     This Court has supplemental jurisdiction over Appjigger's claims arising under the laws of Illinois pursuant to 28 USC §1367(a) because these claims are so related to Appjigger's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

10.     This Court has personal jurisdiction over Defendants, and venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b) and (c). Defendants are doing

business in this District and a substantial part of the events giving rise to Appjigger's claims occurred in this District.

## GENERAL ALLEGATIONS

11.     Appjigger develops, advertisers, markets, distributes, and licenses a number of software applications ("apps").  Appjigger's apps are made available on Google Play ™ for downloading, installation and use on Android ® smart phones.  Appjigger's apps are made available on the Apple ® App Store ® for downloading, installation and use on iPhone ® smart phones.

12.     Appjigger has developed, advertised, marketed, distributed and licensed a software application known as WP CLOCK for use on Android ® smart phones.  Appjigger offers two versions of WP CLOCK – paid and free.

13.     On March 15, 2012, Xiao Aarom of CT Miami sent an inquiry to Appjigger by email, stating, "We would like to preload your APK 'WP clock Light' into our phone, would you please send us the APK? We can pay."

14.     After several rounds of questions and answers, in which CT Miami indicated that it would install the application on approximately 50,000 mobile phones, Tom Anyz of Appjigger wrote,

> "OK. We can offer you the license to preinstall the current version of WP CLOCK LIGHT on your devices:
>
> -   0.10 USD  for each device when ordering 50.000 licenses;
> -   0.087 USD  for each device when ordering 100.000 licenses;
> -   0.07 USD  for each device when ordering 200.000 licenses;
>
> prepayable via PayPal.

15.     Appjigger heard nothing further from BLU Products or CT Miami, and assumed that they were no longer interested in Appjigger's software product.

16.     In May 2013, Appjigger became aware of a YouTube video of a person un-boxing a new BLU Products' mobile device, showing that the device was shipped with Appjigger's WP Clock application pre-installed.

17.     Appjigger personnel purchased one of the BLU Products' mobile phone models and analyzed the device, confirming that not only was Appjigger's WP Clock application pre-installed on the device, it was the full (paid) version of the application, including a link to one of Appjigger's websites and the name of Appjigger's software developer.  Photographs showing the mobile phone Appjigger purchased is attached hereto as Exhibit A.

18.     On August 9, 2013, Appjigger sent to BLU Products president, Samuel Ohev-Zion, a letter describing its findings and requesting a discussion to resolve the matter.  A copy of this letter is attached hereto as Exhibit B.

19.     Appjigger received no response to the August 9, 2013 letter.

20.     On September 10, 2013, Appjigger sent a reminder email, attached hereto as Exhibit C, to BLU Products, but received no response.

21.     On October 16, 2013, Appjigger's attorneys sent a cease-and-desist letter to BLU Products, a copy of which is attached hereto as Exhibit D.

22.     BLU Products did not respond to any of Appjigger's (or its attorney's) correspondence.

23.     BLU Products has advertised its smart phones by displaying, without authority to do so, the smart phones with screens which are substantially indistinguishable from the screenshots of android smart phones using Appjigger's WP Clock software.  Copies of some of these advertisements are attached hereto as Exhibit E.  BLU Products continues to use

Appjigger's WP Clock screenshot in its advertising and promotion of BLU Products' smart phones.

## COUNT I
## Copyright Infringement

24.     Appjigger repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

25.     Appjigger owns and has registered the copyright in Appjigger's WP Clock application with the U.S. Copyright Office.

26.     Proof of Appjigger's U.S. Copyright Registrations No. TX 7-745-022 is attached hereto as Exhibit F.

27.     BLU Products, without authorization or permission from Appjigger, the copyright owner, duplicated Appjigger's copyrighted materials, in violation of 17 U.S.C § 106.

28.     BLU Products' acts of infringement are willful, intentional and purposeful, in direct violation of Appjigger's rights.

29.     As a direct and proximate result of said infringement by BLU Products, Appjigger is entitled to actual damages and injunctive relief pursuant to 17 U.S.C. §§ 501-504.

30.     As a direct and proximate result of the foregoing acts and conduct, Appjigger has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

31.     Appjigger is informed and believes, on that basis asserted herein, that unless enjoined and restrained by this Court, BLU Products will continue to infringe Appjigger's copyrights and Appjigger is entitled to preliminary and permanent injunctive relief to restrain and enjoin BLU Products' continuing infringing conduct.

## COUNT II
## Unjust Enrichment

32.     Appjigger repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

33.     BLU Products unjustly retained the benefit of Appjigger Business Information to Appjigger's detriment.

34.     BLU Products' retention and use of Appjigger's proprietary machine drawings, pricing, and machine and part specifications violates fundamental principles of justice, equality and good conscience.

35.     Appjigger is entitled to collect damages from BLU Products in an amount that will compensate Appjigger for BLU Products' unauthorized copying and use of Appjigger's WP Clock software.

36.     Defendants' activities described above are without Appjigger's permission.

37.     Defendants' activities described above are willful.

38.     Defendants' activities described above have directly and proximately caused, and unless enjoined will continue to cause, irreparable harm both to Appjigger and consumers, who have an interest in being free from confusion, mistake, and deception.

39.     Appjigger has no adequate remedy at law and will be irreparably harmed if Defendant is permitted to use the Appjigger WP Clock images in the United States in connection with the advertising and sale of smart phones.

## COUNT III
### Unfair Competition under Section 43(a)(1)(A) of the Lanham Act

40.     Appjigger repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 49 of this Complaint.

41.     By misappropriating, using and copying Appjigger's WP Clock screen image, Defendants are misrepresenting and falsely describing to the general public and others the origin, sponsorship, or approval of their smart phones. Defendants' use and threatened expanded use in commerce of Appjigger's WP Clock screen image in connection with its commercial activities, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Appjigger, or as to the origin, sponsorship, or approval of Defendants, its products, and its commercial activities, by or with Appjigger, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A).

42.     As a direct and proximate result of the foregoing acts of Defendants, Appjigger has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

43.     Upon information and belief, Defendants' acts were in conscious and willful disregard of Appjigger's rights, and the resulting damage to Appjigger is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT IV
### Violation of the Illinois Uniform Deceptive Trade Practices Act

44.     Appjigger repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 53 of this Complaint.

45.     Defendants' use and threatened expanded use in commerce of Appjigger's WP Clock screen image in connection with the sale, offering for sale, distribution and advertising of

smart phones passes off goods as those of another; causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods; causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; and/or engages in other conduct that similarly creates a likelihood of confusion or misunderstanding. All such conduct is in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510.

46.     As a direct and proximate result of the foregoing acts of Defendants, Appjigger has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

47.     Upon information and belief, Defendants' acts were in conscious and willful disregard of Appjigger's rights.

## REQUST FOR RELIEF

Wherefore, Appjigger respectfully requests that this Court enter judgment in its favor on each and every count set forth above and award it relief including, but not limited to, the following:

A.     An Order holding that Defendants' actions described above infringe Appjigger's copyright in the WP Clock application, and that Defendants' actions constitute copyright infringement, false designation of origin, passing off, and unfair competition under federal, state, and common law as detailed above;

B.     An Order preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

i. From copying, reverse engineering or otherwise misappropriating Appjigger's copyrighted software code;

ii. From using the images of Appjigger's WP Clock software and other images, names or identifiers that are the same as or confusingly similar to Appjigger's WP Clock software images in connection with advertising, promotion or sales of smart phones.

iii. From representing or suggesting, by any means whatsoever, directly or indirectly, that Defendants, any goods or services offered by Defendants, or any activities undertaken by Defendants, are sponsored or approved by, or are associated, affiliated, or connected with Appjigger in any way.

C. An Order requiring Defendants to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, letterhead, plaques, and any other materials containing infringing marks and/or false claims in its possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives that are in use in the United States or which are designed to be used in the United States;

D. An Order directing Defendants to file with this Court and serve on Appjigger's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's injunctions;

E. An Order requiring Defendants to account for and pay to Appjigger any and all profits arising from or related to Defendants' unlawful acts and that such profits be increased in accordance with 15 U.S.C § 1117 and other applicable laws;

F.  An Order requiring Defendants to pay Appjigger the full amount of damages caused by Defendants' unlawful acts, and that such damages be trebled in accordance with 15 U.S.C. § 1117 and other applicable laws;

G.  An Order requiring Defendants to pay Appjigger its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

H.  Any other relief as the Court may deem appropriate.


## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Appjigger GmbH hereby demands a trial by jury of all issues in the foregoing action triable as of right by jury


December 2, 2014                                Respectfully submitted,


                                                /s/ Edward J.Chalfie
                                                Edward J. Chalfie (Atty. No. 3121611)
                                                echalfie@dennemeyer-law.com
                                                Roxana Sullivan (Atty. No. 6310272)
                                                rsullivan@dennemeyer-law.com
                                                Dennemeyer & Associates LLC
                                                120 S. LaSalle Street, Suite 1400
                                                Chicago, IL 60603
                                                Phone: (312)-380-6495
                                                Fax: (312)-419-9440

                                                Attorneys for Plaintiff,
                                                Appjigger GmbH